**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff(s),<br><br>v.<br><br>SPRING MOUNTAIN RANCH MASTER ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-2177 JCM (NJK)<br><br>ORDER |

Presently before the court is defendant Spring Mountain Ranch Master Association's ("the HOA") motion to dismiss. (ECF No. 11). Plaintiff the Bank of New York Mellon ("BNYM") filed a response (ECF No. 16), to which the HOA replied (ECF No. 17).

Also before the court is defendant/counter claimant 8933 Square Knot Trust's ("Square Knot") motion for summary judgment. (ECF No. 27). BNYM filed a response (ECF No. 33), to which Square Knot replied (ECF No. 42).

Also before the court is BNYM's motion for summary judgment. (ECF No. 29). The HOA (ECF No. 32) and Square Knot (ECF No. 36) filed responses, to which BNYM replied (ECF No. 41).

Also before the court is the HOA's motion for summary judgment. (ECF No. 30). BNYM filed a response (ECF No. 38), to which the HOA replied. (ECF No. 40).

Also before the court is a stipulation for extension of time to respond to BNYM's motion for summary judgment. (ECF No. 34).

. . .

. . .

**I.     Facts**

This case involves a dispute over real property located at 8933 Square Knot Avenue, Las Vegas, NV 89143 (the "property").

On July 14, 2005, Susan K. Orcutt (the "borrower") purchased the property. (ECF No. 1). The borrower obtained a loan to finance the purchase from Countrywide Home Loans, Inc. in the amount of $221,200.00. *Id.* The loan was evidenced by a note and secured by a deed of trust recorded on July 25, 2005. *Id.*

On February 1, 2012, the deed of trust was assigned to BNYM via an assignment of deed of trust. (ECF No. 27).

On September 16, 2010, Nevada Association Services, Inc. ("NAS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien on the property, stating an amount owed of $1,170.29. (ECF No. 1). On November 4, 2010, NAS, acting on behalf of the HOA, recorded a notice of default and election to sell to satisfy delinquent association lien, stating an amount owed of $2,168.58. *Id.*

On January 28, 2011, BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans, Inc. ("BAC"), through its counsel Miles Bauer, tendered $535.50. (ECF No. 29). NAS refused to accept the tender. *Id.*

On September 30, 2011, NAS, on behalf of the HOA, recorded a notice of foreclosure sale, stating an amount owed of $3,845.74. (ECF No. 1). On March 9, 2012, NAS, on behalf of the HOA, sold the property at a foreclosure sale. *Id.* Square Knot purchased the property for $6,166.26. *Id.* On April 13, 2012, a foreclosure deed upon sale was recorded. *Id.*

On August 14, 2017, BNYM filed the underlying complaint (ECF No. 1). In the complaint, BNYM alleges four claims for relief: (1) quiet title and declaratory judgment against all defendants; (2) breach of NRS 116.1113 against the HOA and NAS; (3) wrongful foreclosure against the HOA and NAS; and (4) injunctive relief against Square Knot. *Id.*

On October 30, 2017, Square Knot filed a counterclaim for quiet title/declaratory relief and preliminary and permanent injunction against BNYM. (ECF No. 14).

In the instant motion, the HOA moves to dismiss BNYM's complaint as time barred. (ECF No. 11).

## II. Legal Standard

### a. Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

**James C. Mahan**
**U.S. District Judge**

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**b. Summary Judgment**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed

to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

    **a. The HOA's motion to dismiss**

As an initial matter, the court will dismiss without prejudice claim (4) of BNYM's complaint because the court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices*

*Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

The HOA argues that BNYM's claims are time-barred by the statute of limitations. (ECF No. 11). In particular, the HOA asserts that BNYM's claims are subject to a three (3) year statute of limitations period pursuant to NRS 11.090. *Id.* In the alternative, the HOA argues that BNYM's claim for quiet title should be subject to a five (5) year statute of limitations period pursuant to NRS 11.070. *Id.* The HOA argues that the statute of limitations period began to accrue, at the latest, on the date when the foreclosure deed upon sale transferring title to Square Knot was recorded (April 13, 2012). *Id.* The HOA thus maintains that BNYM's claims for quiet title and declaratory relief, breach of NRS 116.1113, and wrongful foreclosure were untimely filed. *Id.* The court agrees.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute of limitations is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration omitted) (quoting *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010)); *see also In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) ("If the allegations contained in the amended complaint demonstrate that the statute of limitations has run, then dismissal upon the pleadings is appropriate.").

A three-year statute of limitations period applies to BNYM's breach of NRS 116.1113 and wrongful foreclosure claims, as they are claims for damages based on a breach of a statutory duty. *See* Nev. Rev. Stat. § 11.190(3)(a). A five-year statute of limitations period applies to BNYM's quiet title claim. *See* Nev. Rev. Stat. § 11.070.

In the present case, BNYM knew or should have known of the facts constituting the elements of its causes of action on or before April 13, 2012, the date the foreclosure deed in favor of Square Knot was recorded.

As BNYM filed the instant action on August 14, 2017 (ECF No. 1), BNYM's quiet title, breach of NRS 116.1113, and wrongful foreclosure claims were not filed within five or three years of April 13, 2012, respectively. Accordingly, the court will dismiss BNYM's complaint as time-barred.

### b. Square Knot's motion for summary judgment

Square Knot filed a counterclaim for quiet title/declaratory relief and preliminary and permanent injunction against BNYM. (ECF No. 14). Square Knot now moves for summary judgment on its claim for quiet title/declaratory relief. (ECF No. 27).

As an initial matter, the court will dismiss Square Knot's counterclaim for preliminary and permanent injunction because the court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

Square Knot's claim for quiet title/declaratory relief is not time barred. Square Knot did not know of BNYM's competing interest in the property until BNYM filed the underlying complaint on August 14, 2017. Accordingly, on October 30, 2017, Square Knot timely filed its quiet title/declaratory relief counterclaim against BNYM within the five-year statute of limitations period.

In support of its motion for summary judgment on its quiet title claim, Square Knot argues that (1) BNYM's interest was extinguished at the foreclosure sale; (2) no portion of the HOA's lien was paid off prior to foreclosure; (3) the HOA's foreclosure sale complied with Nevada law; and (4) that Square Know is a bona fide purchaser. (ECF No. 27).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require

any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Section 116.3116(1) of the NRS gives an HOA a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investments Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id.* at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

Subsection (1) of NRS 116.31166 provides that the recitals in a deed made pursuant to NRS 116.31164 of the following are conclusive proof of the matters recited:

> (a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
> (b) The elapsing of the 90 days; and
> (c) The giving of notice of sale[.]

- 8 -

Nev. Rev. Stat. § 116.31166(1)(a)–(c).[1] "The 'conclusive' recitals concern default, notice, and publication of the [notice of sale], all statutory prerequisites to a valid HOA lien foreclosure sale as stated in NRS 116.31162 through NRS 116.31164, the sections that immediately precede and give context to NRS 116.31166." *Shadow Wood Homeowners Assoc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105 (Nev. 2016) ("*Shadow Wood*").

Based on *Shadow Wood*, the recitals therein are conclusive evidence that the foreclosure lien statutes were complied with—*i.e.*, that the foreclosure sale was proper. *See id.*; *see also Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *2 (Nev. App. Apr. 17, 2017) ("And because the recitals were conclusive evidence, the district court did not err in finding that no genuine issues of material fact remained regarding whether the foreclosure sale was proper and granting summary judgment in favor of SFR."). Therefore, pursuant to *SFR Investments*, NRS 116.3116, and the recorded trustee's deed upon sale in favor of SFR, the foreclosure sale was proper and extinguished the first deed of trust.

Notwithstanding, the court retains the equitable authority to consider quiet title actions when a HOA's foreclosure deed contains statutorily conclusive recitals. *See Shadow Wood Homeowners Assoc.*, 366 P.3d at 1112 ("When sitting in equity . . . courts must consider the entirety of the circumstances that bear upon the equities. This includes considering the status and actions of all parties involved, including whether an innocent party may be harmed by granting the desired relief."). Accordingly, to withstand summary judgment in Square Knot's favor, BNYM

---

[1] The statute further provides as follows:

    2. Such a deed containing those recitals is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons. The receipt for the purchase money contained in such a deed is sufficient to discharge the purchaser from obligation to see to the proper application of the purchase money.

    3. The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption.

Nev. Rev. Stat. § 116.31166(2)–(3).

must raise colorable equitable challenges or set forth evidence demonstrating fraud, unfairness, or oppression.

In its response to Square Knot's motion for summary judgment, BNYM fails to set forth convincing challenges to Square Knot's claim for quiet title. Nor does BNYM set forth sufficient evidence of fraud, unfairness, or oppression. BNYM argues that its tender prior to the foreclosure sale meant that "the HOA could only pass title on the portion of its lien junior to the bank's interest." (ECF No. 33). BNYM further argues that Square Knot is not a bona fide purchaser. *Id.*

BNYM's attempted payment of what it calculated as the superprioirty portion of the lien did not amount to adequate tender. Accordingly, BNYM's reliance on its purported tender to support its argument that its interest in the property was preserved fails. Rather than tendering the amount stated in the notice of default so as to preserve its interest in the property and then later seeking a refund of any difference, BNYM elected to pay a lesser amount based on its unwarranted assumption that the amount stated in the notice included more than what was due. *See SFR Investments*, 334 P.3d at 418 (noting that the deed of trust holder can pay the entire lien amount and then sue for a refund). Had BNYM paid the amount set forth in the notice of default, the HOA's interest would have been subordinate to the first deed of trust. *See* Nev. Rev. Stat. § 116.31166(1).

Because the court has concluded that BNYM failed to properly raise any challenges to the foreclosure sale or to Square Knot's claim for quiet title, the court need not address Square Knot's purported status as a bona fide purchaser for value. *See, e.g.*, *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *3 n.4 (Nev. App. Apr. 17, 2017) (citing *Shadow Wood,* 366 P.3d at 1114).

Accordingly, the court will grant Square Knot's motion for summary judgment as to its claim for quiet title.

### IV. Conclusion

Based on the foregoing, the court will grant the HOA's motion to dismiss BNYM's complaint, as BNYM's quiet title and declaratory relief, breach of NRS 116.1113, and wrongful

James C. Mahan
U.S. District Judge

- 10 -

foreclosure claims are time barred. Further, as a claim for injunctive relief alone is not a cause of action, the court will also dismiss BNYM's claim for injunctive relief against Square Knot.

As the court will grant the HOA's motion to dismiss BNYM's complaint (ECF No. 11), the court will not address BNYM and the HOA's outstanding motions for summary judgment regarding the claims asserted in BNYM's complaint. (ECF Nos. 29, 30). Accordingly, the court will deny these motions for summary judgment as moot.

Lastly, the court will dismiss Square Knot's counterclaim for permanent and preliminary injunction, but will grant Square Knot's motion for summary judgment as to its counter claim for quiet title/declaratory relief. (ECF No. 27).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 11) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Square Knot's motion for summary judgment (ECF No. 27) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that BNYM's motion for summary judgment (ECF No. 29) be, and the same hereby is, DISMISSED as moot.

IT IS FURTHER ORDERED that the HOA's motion for summary judgment (ECF No. 30) be, and the same hereby is, DISMISSED as moot.

IT IS FURTHER ORDERED that Square Knot's stipulation for extension of time to respond to BNYM's motion for summary judgment (ECF No. 34) be, and the same hereby is, DENIED as moot.

The clerk is instructed to enter judgment accordingly and close the case.

DATED July 13, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**