UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>                                          Plaintiff(s),<br><br>      v.<br><br>SPRING MOUNTAIN RANCH MASTER ASSOCIATION, et al.,<br><br>                                          Defendant(s). | Case No. 2:17-CV-2177 JCM (NJK)<br><br>ORDER |

Presently before the court is the matter of *The Bank of New York Mellon v. Spring Mountain Ranch Master Association et al.*, case number 2:17-cv-02177-JCM-NJK.  On July 13, 2018, the court dismissed plaintiff the Bank of New York Mellon's ("BNYM") quiet title and declaratory relief, breach of NRS 116.1113, and wrongful foreclosure claims as time barred.  (ECF No. 43).  Similarly, the court dismissed defendant/counter claimant 8933 Square Knot Trust's ("the trust") counterclaim for permanent and preliminary injunction.  *Id.*  The court also granted defendant Spring Mountain Ranch Master Association's ("the HOA") motion to dismiss[1] and the Trust's motion for summary judgment.  *Id.*  BNYM appealed this court's order.  (ECF No. 45).

The Ninth Circuit relied on *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113 (Nev. 2018) (en banc), which was decided after this court's order, and reversed this court's determination that BNYM's tender of $535.50 was insufficient to preserve its deed of trust.  (ECF No. 48 at 2–3 ("Accordingly, the foreclosure sale did not extinguish BNYM's deed of trust.")).  The Ninth Circuit affirmed this court's findings that (1) BNYM's claims were time

---

[1] As a result, the court denied BNYM's and the HOA's motions for summary judgment as moot.  (ECF No. 43).

James C. Mahan
U.S. District Judge

barred and (2) the Trust's quiet title counterclaim was timely. *Id.* at 3–4. The court then remanded the case "for further proceedings consistent with [its] disposition." *Id.* at 4.

In light of the Ninth Circuit's memorandum, only the trust's quiet title counterclaim remains pending. Although the Ninth Circuit held that BNYM's deed of trust survived the foreclosure sale, the trust contended—and the Ninth Circuit "le[ft] for the district court on remand to address in the first instance"—that it was a bona fide purchaser. *Id.* at 3.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the parties shall file, within 21 days of this order, motions for summary judgment regarding the Trust's bona fide purchaser argument.

The clerk is instructed to reopen this case.

DATED June 12, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**