1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7
8
9
10
11
12

THE BANK OF NEW YORK MELLON,

               Plaintiff(s),

   v.

SPRING MOUNTAIN RANCH MASTER
ASSOCIATION, et al.,

               Defendant(s).

Case No. 2:17-CV-2177 JCM (NJK)

ORDER

13
14
15
16

      Presently before the court are defendant-counterclaimant 8933 Square Knot Trust's (the "Trust") and plaintiff The Bank of New York Mellon's ("BNYM") cross-motions for summary judgment to quiet title.  (ECF Nos. 55, 56).

17

**I.       Background**

18
19
20
21
22
23
24

      The Ninth Circuit reversed this court's order granting summary judgment in favor of the Trust on its quiet title claim and dismissing as moot BNYM's motion for summary judgment on its own quiet title claim.  (Mem., ECF No. 48).  Although the Ninth Circuit held that BNYM's deed of trust survived the foreclosure sale, the Trust contended—and the Ninth Circuit "le[ft] for the district court on remand to address in the first instance"—that it was a bona fide purchaser.  (*Id.* at 3).  In light of the Ninth Circuit's ruling, the parties again both move for summary judgment, claiming title to the property at issue.  (ECF Nos. 55, 56).

25

. . .

26

. . .

27

. . .

28

. . .

James C. Mahan
U.S. District Judge

## II.     Legal Standard

Summary judgment is proper when the pleadings and evidentiary record[1] show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986), and to avoid unnecessary trials on undisputed facts. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

When the moving party bears the burden of proof on a claim or defense, it must produce evidence "which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proof on a claim or defense, it must "either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of [proof] at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party satisfies its initial burden, the burden then shifts to the party opposing summary judgment to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party and a fact is "material" if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The opposing party does not have to conclusively establish an issue of material fact in its favor. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). But it must go beyond the pleadings and designate "specific facts" in the evidentiary

---

[1] Information contained in an inadmissible form may still be considered on summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")).

record that show "there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. In other words, the opposing party must show that a judge or jury is required to resolve the parties' differing versions of the truth. *T.W. Elec. Serv.*, 809 F.2d at 630.

The court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990); *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The court's function is not to weigh the evidence but to determine whether a genuine dispute exists for trial. *Anderson*, 477 U.S. at 249. Cross-motions for summary judgment must each be considered on their own merits. *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

## III. Discussion

### A. The history of the property

Based on the recitations in the parties' summary judgment papers and supporting legal records,[2] most of the material facts are not in dispute:

In 2005, Susan Orcutt financed the purchase of the property at 8933 Square Knot Avenue in Las Vegas with a $221,200 loan. (ECF No. 56-1). The loan was secured by a deed of trust that was recorded on July 25, 2005. (*Id.*). An assignment of the deed of trust to BNYM was recorded on February 1, 2012. (ECF No. 56-2). The property is located in the Spring Mountain Ranch HOA and is subject to its covenant, conditions, and restrictions. (ECF No. 56-3).

When Orcutt failed to pay all the HOA assessments, the HOA hired Nevada Associate Services, Inc. ("NAS") to collect on its behalf. (ECF No. 56 at 3). The Nevada Legislature gave HOAs a superpriority lien against residential property for certain delinquent assessments and established a non-judicial foreclosure procedure for them to enforce that lien. Nev. Rev. Stat. § 116.3116. On September 16, 2010, NAS recorded a notice of delinquent assessment

---

[2] Facts derived from publicly available records are judicially noticeable. *See Disabled Rights Action Comm. v. Las Vegas Events*, 375 F.3d 861, 866 & n.1 (9th Cir. 2004) (holding that a court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

1   lien, stating an amount owed of $1,170.29.  (ECF No. 55-4).  On November 4, 2010, NAS

2   recorded a notice of default and election to sell under the HOA lien, stating an amount owed

3   of $2,168.58.  (ECF No. 55-5).

4           On December 10, 2010, Miles Bauer, a law firm retained by BNYM's predecessor-in-

5   interest, BAC Home Loans Servicing, LP fka Countrywide Home Loans, Inc. ("BAC"),

6   requested a ledger from NAS to calculate the superpriority portion of the HOA lien.  (ECF No.

7   56 at 3).  On January 28, 2011, BAC—through Miles Bauer—tendered $535.50 to NAS which

8   it refused to accept.  (ECF No. 56-6).  The Trust disputes these facts.  (ECF No. 57 at 5 ("There

9   was no tender of $535.50 and NAS did not refuse BAC's tender.")).

10          NAS recorded a notice of foreclosure sale on September 30, 2011, and held a

11  foreclosure sale on March 9, 2012.  (ECF No. 55-6).  The Trust was the highest bidder and

12  tendered $6,116.26 to purchase the property.  (ECF No. 55-7).  The HOA and the Trust entered

13  into a purchase and sale agreement under which the HOA disclaimed any warranty as to the

14  marketability of title.  (ECF No. 56-10).  The Trust took title to the property via a quitclaim

15  deed recorded on April 13, 2012.  (ECF No. 55-7).

16          **B.  The parties' competing claims to the property**

17          "A plea to quiet title does not require any particular elements, but each party must plead

18  and prove his or her own claim to the property in question and a plaintiff's right to relief

19  therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302

20  P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted); *see also* Nev.

21  Rev. Stat. § 40.010.  The resolution of a quiet title claim is part of "[t]he long-standing and

22  broad inherent power of a court to sit in equity and quiet title, including setting aside a

23  foreclosure sale if the circumstances support" doing so.  *Shadow Wood Homeowners Ass'n,*

24  *Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1112 (Nev. 2016).

25          Moreover, a bona fide purchaser ("BFP") is someone who "purchases an estate or

26  interest in any real property in good faith and for valuable consideration and who does not

27  have actual knowledge, constructive notice of, or reasonable cause to know that there exists a

28  defect in, or adverse rights, title or interest to, the real property."  Nev. Rev. Stat. § 111.180(1).

James C. Mahan
U.S. District Judge

1    A party has constructive notice of any recorded property interest regardless of whether it

2    actually searched the real property records. *Tai-Si Kim v. Kearney*, 838 F. Supp. 2d 1077,

3    1086–88 (D. Nev. 2012).

4         The Trust argues that it holds title free and clear of BNYM's deed of trust because it

5    was a bona fide purchaser. (ECF No. 55 at 7). It was the highest bidder at the foreclosure sale

6    and paid $6,116.26 in valuable consideration "in good faith that the HOA's superpriority lien

7    extinguished [BNYM's] interest." (*Id.*). Moreover, "nothing in the record indicates that the

8    Trust had any notice whatsoever of any pre-sale dispute or that BNYM or any of its agents

9    even bothered showing up at the [foreclosure sale] to protect" its interest. (*Id.*). Furthermore,

10   the Trust argues that this court and the Ninth Circuit have ruled that BNYM's quiet title claim,

11   including its tender argument, are time-barred. (ECF No. 57 at 7).

12        BNYM argues that "whether tender forms the basis of affirmative claims . . . or [is] a

13   defense to the Trust's counterclaims, the law remains clear: tender of the superpriority

14   extinguishes that portion of the HOA's lien by operation of law, and any further discussion of

15   [the Trust's] status as [a BFP] is pure academic." (ECF No. 59 at 2–3).

16        And even if the Trust's BFP status is legally relevant, BNYM asserts the Trust cannot

17   prove such status. (*Id.* at 3–4). The Trust's purchase and sale agreement with the HOA

18   expressly disclaimed all warranties—including the marketability of title—and the Trust took

19   title via quitclaim deed. (*Id.*). Further, BNYM's deed of trust was recorded which means the

20   Trust had constructive notice of it and all its terms including BNYM's right to pay HOA

21   assessments. (*Id.*).

22        As a preliminary matter, the Trust's assertion that BNYM's tender argument is time-

23   barred is unavailing. BNYM's tender argument is *in response to* the Trust's quiet title

24   counterclaim and "statutes of limitations do not run against defenses." *Renfroe v. Carrington*

25   *Mortg. Servs., LLC*, 456 P.3d 1055, 2020 WL 762638, at *2 (Nev. 2020). Moreover, BNYM

26   does not even have an "obligation to prevail in a judicial suit as a condition precedent to

27   enforcing its deed of trust that had already survived the HOA's foreclosure sale." *Id.*

28

**James C. Mahan**
**U.S. District Judge**

When this court first ruled on the parties' competing claims to the property, it did not have the benefit of the Nevada Supreme Court's decision in *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113 (Nev. 2018) (en banc), colloquially known as the "*Diamond Spur*" case. (Mem., ECF No. 48 at 2). In *Diamond Spur,* the court held that a purchaser's BFP status does not give it free and clear title to the property sold at a foreclosure sale where the holder of the deed of trust validly tendered the superpriority portion of the HOA lien before the sale. *Diamond Spur*, 427 P.3d at 121; *see also BAC Home Loans Servicing, LP v. Karmi Properties LLC*, 430 P.3d 530 (Nev. 2018) (unpublished table decision); *Bank of America, N.A. v. Arlington West Twilight Homeowners Association*, 920 F.3d 620, 623 (9th Cir. 2019).

In other words, "a party's status as a BFP is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Diamond Spur*, 427 P.3d at 121. *Diamond Spur* also established that (1) the party making the tender has a right to insist upon certain conditions, (2) a tender of nine months of common expenses is sufficient when there are no charges for maintenance and nuisance abatement, and (3) the tender does not have to be recorded. *Id.* at 117–121.

The Trust plainly maintains, for the first time in this case and without any evidence, that "there was no tender of $535.50 and NAS did not refuse BAC's tender." (ECF No. 57 at 5). But the court finds that this is not a genuinely disputed fact. BNYM offers as evidence of tender a January 28, 2011, letter and cashier's check from its predecessor-in-interest BAC to the HOA's agent NAS. (ECF No. 56-6). And after all, the Ninth Circuit "acknowledged the tender facts in its memorandum." (ECF No. 56 at 3). The Ninth Circuit recounted that BAC did, in fact, tender $535.50 which was "sufficient to satisfy the superpriority of the lien" and preserve BNYM's deed of trust under *Diamond Spur.* (ECF No. 48 at 2).

In sum, *Diamond Spur* is dispositive and compels summary judgment in favor of BNYM. BNYM contends, and the court agrees based on its reading of *Diamond Spur*, that "[t]he remanded issue about the Trust's alleged BFP status is . . . legally irrelevant." (ECF No. 59 at 5); *Diamond Spur*, 427 P.3d at 121 ("A party's status as a BFP is irrelevant when a

James C. Mahan
U.S. District Judge

1   defect in the foreclosure proceeding renders the sale void. . . . A foreclosure sale on a mortgage

2   lien after valid tender satisfies that lien is void, as the lien is no longer in default.").  The record

3   undisputedly shows that BNYM's predecessor-in-interest validly tendered the superpriority

4   portion of the HOA lien, causing its first deed of trust to survive the sale.  Thus, summary

5   judgment is granted in favor of BNYM.

6   IV.   **Conclusion**

7          Accordingly,

8          IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Trust's motion for

9   summary judgment (ECF No. 55) be, and the same hereby is, DENIED and that BNYM's

10   motion for summary judgment (ECF No. 56) be, and the same hereby is, GRANTED.

11          IT IS FURTHER ORDERED that BNYM shall submit a proposed judgment consistent

12   with the foregoing within fourteen (14) days of this order.

13          DATED November 2, 2020.

14   _____

15   UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -